IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |  | |
|---|---|---|---|
| **MICHAEL LEE SMITH,** | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No. CIV 21-139-RAW-KEW | |
| | ) | | |
| **SCOTT CROW, DOC Director,** | ) | | |
| | ) | | |
| Respondent. | ) | | |

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Petitioner, who is represented by counsel, is a prisoner currently incarcerated at Oklahoma State Reformatory in Granite, Oklahoma. He has filed this action challenging his pretrial detention arising from pending charges in Wagoner County District Court Case No. CF-2018-332 for First Degree Murder. One ground for habeas relief has been raised:

> The State Court lacks subject-matter jurisdiction because of Okla. Const., art. I, § 3, an Act of Congress, the Enabling Act, [59th Congress, Session 1, Chapter 3335, pg. 279 (1906)], which ceded exclusive jurisdiction to the United States regardless of race, over Indian land or any land which the United States is an interested Party in the title of the land.

(Dkt. 2 at 6).

Petitioner argues that his offense occurred on land that is considered Indian Country belonging to the Muskogee (Creek) Nation (Dkt. 5 at 11). Because the Supreme Court determined in *McGirt v. Oklahoma*, __ U.S. __, 140 S.Ct. 2452, 2462 (2020), that the Creek Nation reservation never was disestablished, Petitioner claims that "for the State District

Court to have subject-matter jurisdiction, the Government must prove disestablishment of the reservation and has failed to do so." *Id.* Petitioner thus contends that "any Oklahoma State District Court in Indian territory is deprived of subject-matter jurisdiction *to hear any claim, civil or criminal.*" *Id.* (emphasis in original). Further, he asks the Court "[t]o issue an Order requiring the State Court to dismiss the action and to prohibit the State from exercising jurisdiction that properly belongs to the United States" (Dkt. 2 at 8).

Respondent alleges the petition should be dismissed for Petitioner's failure to exhaust necessary state court remedies, or in the alternative, lack of jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971) (Dkt. 12).

The record shows that on July 19, 2018, the Sixteenth Multicounty Grand Jury indicted Petitioner for Murder in the First Degree, in violation of Okla. Stat. tit. 21, § 701.7 (Dkts. 13-1, 13-2). On July 20, 2018, an Indictment was filed in Wagoner County District Court Case No. CF-2018-332 (Dkt. 13-1). At the time of the Indictment, Petitioner was--and remains--in the custody of the Oklahoma Department of Corrections, serving a Judgment and Sentence in Wagoner County District Court Case Nos. CF-2014-451 and CF-2014-465 (Dkt. 13-3).

On February 23, 2021, Petitioner moved to dismiss Wagoner County District Court Case No. CF-2018-332, alleging his right to a speedy trial had been violated, and the state district court lacked jurisdiction to prosecute him, because his crime occurred in Indian

Country (Dkts. 13-4, 13-5, 13-6).[1]  Following a hearing on Petitioner's motion, it was denied on March 31, 2021.  *See* Oklahoma State Courts Network at www.oscn.net.[2]

On April 6, 2021, Petitioner filed in Oklahoma Court of Criminal Appeals (OCCA) Case No. PR-2021-286 an application to assume original jurisdiction and petition for writ of prohibition, alleging a speedy trial violation and lack of subject-matter jurisdiction (Dkt. 13-7).  The OCCA denied relief on April 30, 2021, finding Petitioner had not met his "burden of establishing, among other things, that the District Court's exercise of power 'will result in injury for which there is not other adequate remedy.'"  (Dkt. 5-1 at 1-2) (quoting Rule 10.6(A), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (2021).  Further, speedy trial claims and claims concerning subject-matter jurisdiction are reviewable on direct appeal.  *Id*. at 2.  Therefore, "Petitioner's claims can be reviewed on direct appeal should he be convicted."  *Id.*

On May 24, 2021, the state district court issued a writ of habeas corpus ad prosequendum, directing that Petitioner be brought to the court on June 1, 2021, for a hearing (Dkt. 13-9).  Respondent alleges that on June 3, 2021, the hearing was rescheduled to a June 7, 2021, status conference (Dkt. 13 at 3 n.1).  The most recent entry on the OSCN docket for Case No. CF-2018-332 indicates that on October 6, 2021, the status hearing was passed to

---

[1] Petitioner states he is not an Indian (Dkt. 14 at 1), and he does not claim his alleged victim was an Indian.

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net.  *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

November 19, 2021.

Respondent alleges, among other things, that pursuant to the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), this Court must refrain from considering Petitioner's claims in light of his ongoing state criminal proceedings. Federal courts are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45).

Under the doctrine established in *Younger*, abstention is appropriate when the following three requirements are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006)). All three requirements are satisfied here.

Regarding the first factor, there is no dispute that there is an ongoing state criminal proceeding in Wagoner County District Court Case No. CF-2018-332. With respect to the second factor, "'unless state law clearly bars the interposition of the federal statutory and

constitutional claims,' a plaintiff typically has 'an adequate opportunity to raise federal claims in state court.'" *Id.* (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)). All that is required is "an *adequate* state-court forum, not a favorable result in the state forum." *Id.* (citing *Moore v. Sims*, 442 U.S. 415, 430 (1979)) (emphasis in original). The OCCA's denial of Petitioner's writ of prohibition does not prevent him from raising his speedy trial and Indian Country jurisdictional claim on direct appeal and does not preclude abstention under *Younger*. Finally, as for the third *Younger* factor, "state criminal proceedings are viewed as 'a traditional area of state concern.'" *Id.* (quoting *Seneca-Cayuga Tribe of Okla. v. Oklahoma ex rel. Thompson*, 874 F.2d 709, 713 (10th Cir. 1989)).

> When *Younger*'s three requirements are met, abstention is mandatory unless one of three exceptions applies: the prosecution was "(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate."

*Id.* at 1258-59 (quoting *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995)).

Here, the Court finds that none of the exceptions is present in this case. Petitioner does not allege his prosecution was initiated in bad faith or to harass, or that the prosecution was based on an unconstitutional statute. To the extent Petitioner is asserting his jurisdictional claim falls under the third exception to *Younger* abstention--that is, he would suffer irreparable injury unless this Court enjoined the state court proceedings--he cannot make that showing.

5

>   *Younger* said that "irreparable injury" significant enough to permit federal court interference must pose a "threat to the plaintiff's federally protected rights . . . that cannot be eliminated by his defense against a single criminal prosecution." 401 U.S. at 46. "[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." *Id.* If there is no injury "other than that incidental to every criminal proceeding brought lawfully and in good faith," *id.* at 47, there is no irreparable injury. In other words, an error by the state court does not create an irreparable injury simply because the defendant must proceed through the tainted trial before obtaining relief--relief that may well entail a second trial. . . .

*Winn*, 945 F.3d at 1259.

The Tenth Circuit has "consistently refused to find an exception to *Younger* when the injury could ultimately be corrected through the pending state proceeding or on appeal." *Id.* Petitioner is alleging the State lacks subject-matter jurisdiction to prosecute him. This jurisdictional claim, however, does not allege an immediate irreparable injury warranting the Court's intervention in the state proceedings. Further, as set forth above, this claim can be raised on direct appeal. Therefore, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus for lack of jurisdiction is GRANTED.[3]

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the

---

[3] The Court is aware of the recent unpublished decision in *Kirk v. Oklahoma*, No. 21-6050, 2021 WL 5111985 (10th Cir. Nov. 3, 2021), which concerned intervening in ongoing criminal proceedings under *Ex Parte Royall*, 117 U.S. 241 (1886), instead of *Younger*. *Kirk* held that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining state proceedings," while *Ex parte Royall* "involved a request for habeas relief." *Kirk*, 2021 WL 5111985, at *2. This Court finds that regardless of whether Petitioner's claim is considered under *Younger* or *Ex Parte Royall*, federal-court intervention is not warranted.

denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2).  In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus for lack of jurisdiction (Dkt. 12) is GRANTED, the petition is DISMISSED WITHOUT PREJUDICE, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 4th day of March 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma